## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No.:

**ROY SIPEL,**

    **Plaintiff,**                                      **COMPLAINT**

**v.**

**EXPERIAN INFORMATION
SOLUTIONS INC., TRANS UNION LLC,
CBM SERVICES, INC., and
EXCEL MEDICAL IMAGING, P.L.,**

                                      **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Roy Sipel ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), Trans Union LLC ("Trans Union"), CBM Services, Inc. ("CBM"), and Excel Medical Imaging, P.L. ("Excel Medical"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA"), Fair Debt Collection Practices Act, 15 USC § 1681 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

4. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pasco County, Florida.

6. Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7. Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8. Defendant CBM is a Michigan corporation whose registered agent in

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Michigan is Thomas Alvin Matonican, 300 Rodd St Ste 202, Midland, MI 48640. Defendant CBM is a "person" as defined by FCRA, 15 USC §1681a(b).

9.     Defendant Excel Medical is a professional limited liability company whose registered agent in Florida is Deepak Das, 5626 Gulf Drive, New Port Richey, FL 34652. Defendant Excel Medical is a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

### Improper Debt Collection

10.     The alleged debt (the "Consumer Debt") is a medical bill that had already been paid by Plaintiff's insurance.

11.     The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Defendant Excel Medical and Plaintiff involving the provision of residential housing services (the "Subject Service").

12.     The Subject Service was primarily for personal, family, or household purposes.

13.     The Consumer Debt is a "debt" governed by the FCCPA. *See* Fla. Stat. § 559.55(6).

14.     Plaintiff is a "consumer or debtor" within the meaning of the FCCPA. See § 559.55 (8).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.    Defendant is a "creditor" as defined by the FCCPA. *See* Fla. Stat. § 559.55(5).

16.    On a date better known by Defendant CBM, Defendant CBM began attempting to collect the Consumer Debt from Plaintiff.

17.    On a date better known by Defendant CBM, Defendant CBM sent a letter, dated February 27, 2024, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

18.    The Collection Letter is a communication from Defendant CBM to Plaintiff in connection with the collection of a Consumer Debt.

19.    In the Collection Letter, Defendant CBM attempted to collect charges that had already been paid by Plaintiff's insurance.

20.    Defendant CBM engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559. 715.

### Inaccurate Reporting

21.    This action involves derogatory and inaccurate reporting of the Consumer Debt by Defendant CBM (the "CBM Account") and to the Credit Reporting Agencies, Defendants Experian, and Trans Union.

22.    The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate

information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

23.     Section 1681s-2(b) imposes a second category of duties on furnishers of information.

24.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

25. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

26. In or about February 2024, Plaintiff checked his credit reports and realized that his credit reports inaccurately listed the CBM Account as in collections.

27. Plaintiff's credit reports reflected an inaccurate and derogatory public record due to the reporting of the CBM Account as in collections.

28. In or around February 2024, Plaintiff disputed the CBM Account with Defendant Experian.

29. In or around February 2024, Defendant Experian verified the CBM Account as accurate and failed to remove the CBM Account.

30. Plaintiff's credit score has dropped significantly, and he has been denied credit as a result of the inaccurate reporting of the CBM Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

31.     As of the filing of this complaint, Defendant Experian is still inaccurately reporting the CBM Account on Plaintiff's credit report.

32.     In or around February 2024, Plaintiff disputed the CBM Account with Defendant Trans Union.

33.     In or around February 2024, Defendant Trans Union verified the CBM Account as accurate and failed to remove the CBM Account.

34.     Plaintiff's credit score has dropped significantly, and he has been denied credit as a result of the inaccurate reporting of the CBM Account.

35.     As of the filing of this complaint, Defendant Trans Union is still inaccurately reporting the CBM Account on Plaintiff's credit report.

## COUNT 1
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Experian)

36.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-35 of this Complaint.

37.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the CBM Account and continues to include the same information concerning inaccurate and derogatory reporting of the CBM Account.

38.     In or around February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Experian. Therefore,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

in or around February 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Experian.

39.    Defendant Experian verified as accurate the CBM Account. Defendant Experian having been put on notice of the inaccurate reporting, Defendant Experian did not remove the CBM Account from Plaintiff's Experian credit report.

40.    As of the filing of this complaint, Defendant CBM's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

41.    Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

42.    Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

43.    Despite Defendant Experian having received Plaintiff's dispute of the CBM Account, Defendant Experian continues to report the CBM Account as an adverse account to Defendant CBM.

44.    Continuing to report the status of the CBM Account in this fashion is significant.

45.    By continuing to report the status of the CBM Account in this fashion,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

46.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

47.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

48.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

49.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to Defendant CBM, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

50.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

51.     Defendant Experian's reporting of inaccurate information about the CBM Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant CBM despite being in possession of evidence that the information was inaccurate.

53.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

54.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

55.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

56.     Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

57.     Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

58.     Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

59.     The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

60.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

61.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

62.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

63.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

64.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-35 above of this Complaint.

65.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

66.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

67.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

68.     Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

69.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

70.    The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

71.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

U.S.C. § 1681n.

72.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

73.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

74.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-35 of this Complaint.

75.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the CBM Account and continues to include the same information concerning inaccurate and derogatory reporting of the CBM Account.

76.     In or around February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Trans Union.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Therefore, in or around February 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Trans Union.

77.     Defendant Trans Union verified as accurate the alleged Consumer Debt. Despite Defendant Trans Union having been put on notice of the fraudulent and inaccurate reporting, Defendant Trans Union did not remove the CBM Account from Plaintiff's Trans Union credit report.

78.     As of the filing of this complaint, Defendant CBM's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

79.     Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

80.     Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

81.     Despite Defendant Trans Union having received Plaintiff's dispute of the CBM Account, Defendant Trans Union continues to report the CBM Account as an adverse account to Defendant CBM.

82.     Continuing to report the status of the CBM Account in this fashion is significant.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

83.     By continuing to report the status of the CBM Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

84.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

85.     Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

86.     Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

87.     Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant CBM, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

88.     Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

89.     Defendant Trans Union's reporting of inaccurate information about the CBM Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's credit reports and file.

90.     Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant CBM despite being in possession of evidence that the information was inaccurate.

91.     Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

92.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

93.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

94.     Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

95.     Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and credit files.

96.    Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

97.    The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

98.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

99.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

100.    As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

101.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

102.   Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-35 above of this Complaint.

103.   On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

104.   On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

105.   On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

106.   Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

107.   Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

108.   The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

109.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110.   As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

111.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant CBM)

112.   Plaintiff incorporates the allegations regarding the CBM Account and Defendant CBM in  ¶¶ 1-35 of this Complaint.

113.   According to its website, Defendant CBM is a collection agency.

114.   In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant CBM.

115.   In or about February 2024, Plaintiff submitted Disputes of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

erroneous and derogatory information reported to Defendants Experian, and Trans Union by Defendant CBM.

116.   In response to the disputes, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant CBM of the Disputes in accordance with the FCRA.

117.   As of the filing of this complaint, the inaccurate account has continued to be verified by Defendant CBM on Plaintiff's Experian and Trans Union credit report.

118.   Defendant CBM is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

119.   On a date better known by Defendant CBM, Defendants Experian and Trans Union promptly and properly gave notice to Defendant CBM of Plaintiff's Disputes in accordance with the FCRA.

120.   In response to the notices received from Defendants Experian and Trans Union regarding Plaintiff's Disputes, Defendant CBM did not and otherwise failed to conduct a reasonable investigation into the CBM Account which is the subject of the Disputes.

121.   In response to receiving notice from Defendants Experian and Trans Union regarding Plaintiff's Disputes, Defendant CBM failed to correct and/or delete

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information it knew to be inaccurate and/or which Defendants Experian and Trans Union could not otherwise verify.

122.    Instead of conducting a reasonable investigation, Defendant CBM erroneously validated the CBM Account and continued to report inaccurate information to Defendants Experian and Trans Union.

123.    On at least one occasion within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

124.    On at least one occasion within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Experian and Trans Union.

125.    On at least one occasion within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Experian and Trans Union about the inaccurate information.

126.    Upon information and belief, Defendant CBM was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

127.    Defendant CBM's investigation was per se deficient by reason of these

failures in its investigation of Plaintiff's Disputes.

128.    As a direct and proximate result of Defendant CBM's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

129.    Defendant CBM's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

130.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant CBM, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant CBM)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

131.   Plaintiff incorporates the allegations regarding the CBM Account and Defendant CBM in ¶¶ 1-35 of this Complaint.

132.   On at least one occasion within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

133.   On one or more occasions within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Experian and Trans Union.

134.   On one or more occasions within the past year, by example only and without limitation, Defendant CBM violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

135.   When Defendant CBM received notice of Plaintiff's disputes from Defendants Experian and Trans Union, Defendant CBM could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

136.   Defendant CBM would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant CBM had reviewed its own systems and previous communications with Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

137.   Defendant CBM's investigation was per se deficient by reason of these failures in Defendant CBM's investigation of Plaintiff's Disputes.

138.   As a direct and proximate result of Defendant CBM's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

139.   Defendant CBM's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

140.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant CBM awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 7**
**VIOLATION OF 15 U.S.C. §1692e(2)(A)**
(Against Defendant CBM)

141.   Plaintiff incorporates by reference Plaintiff incorporates the allegations regarding the Consumer Debt, the CBM Account and Defendant CBM in ¶¶ 1-35 of the Complaint.

142.   According to its website, Defendant CBM is a "leading collection agency."

143.   Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). (emphasis added).

144.   By attempting to collect on the Consumer Debt, Defendant CBM attempted to collect amounts from Plaintiff that Defendant Excel Medical could not lawfully collect from Plaintiff. Pointedly, Defendant CBM attempted to collect on a medical bill that had already been paid to Defendant Excel Medical by Plaintiff's insurance. Thus, by attempting to collect on the Consumer Debt, Defendant CBM falsely represented the character, amount, and legal status of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

145.   WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant CBM for:

[1] Statutory and actual damages, as provided under 15 U.S.C. §1692k;

[2] An award of punitive damages in an amount to be determined by the fact finder;

[3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA;

[4] Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

[5] Such other or further relief as the Court deems proper.

## COUNT 8
## VIOLATION OF FLA. STAT. § 559.72(9)
### (Against Defendant CBM)

146.   Plaintiff incorporates by reference the allegations regarding the Consumer Debt and Defendant CBM in ¶¶ 1-35 of this Complaint.

147.   Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt* when such person *knows that the debt is not legitimate* or *assert the existence of some other legal right* when such person *knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

148.   Defendant CBM violated Fla. Stat. § 559.72(9) by attempting to collect amounts from Plaintiff that Defendant Excel Medical did not have the contractual or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

statutory authority to collect. As set forth above, the Consumer Debt that Defendant CBM unlawfully sought to collect from Plaintiff is comprised of amounts that had already been paid to Defendant Excel Medical.

149.   Due to Defendant CBM's violation of the FCCPA, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees, and costs.

150. As such, by and through the Collection Letter, Defendant CBM attempted to enforce a debt that it knew was not legitimate and asserted a legal right that it knew did not exist, namely, the right to demand payment for a medical bill that had already been paid to Defendant Excel Medical.

151.   WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant CBM, awarding Plaintiff the following relief:

[1] Statutory and actual damages as provided under Fla. Stat. §559.77(2);

[2] An award of punitive damages in an amount to be determined by the fact finder;

[3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

[4] Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[5] Any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## VIOLATION OF FLA. STAT. § 559.72(9)
### (Against Defendant Excel Medical)

152. Plaintiff incorporates by reference the allegations regarding the Consumer Debt and Defendant Excel Medical in ¶¶ 1-35 of this Complaint.

153. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt* when such person *knows that the debt is not legitimate* or *assert the existence of some other legal right* when such person *knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

154. Defendant Excel Medical, through Defendant CBM's collection efforts, violated Fla. Stat. § 559.72(9) by attempting to collect amounts from Plaintiff that Defendant Excel Medical did not have the contractual or statutory authority to collect. As set forth above, the Consumer Debt that Defendant Excel Medical unlawfully sought to collect from Plaintiff is comprised of amounts that had already been paid to Defendant Excel Medical.

155. Due to Defendant Excel Medical's violation of the FCCPA, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees, and costs.

156. As such, by and through the Collection Letter, Defendant Excel Medical, through Defendant CBM's collection efforts, attempted to enforce a debt that it knew was not legitimate and asserted a legal right that it knew did not exist, namely, the right to demand payment for a medical bill that had already been paid to Defendant Excel Medical.

157. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant Excel Medical, awarding Plaintiff the following relief:

[1] Statutory and actual damages as provided under Fla. Stat. §559.77(2);

[2] An award of punitive damages in an amount to be determined by the fact finder;

[3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

[4] Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

[5] Any other relief that this Court deems appropriate under the circumstances.

Dated: March 15, 2024

Respectfully Submitted,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com